IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40660-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VINCENT BURTON JOHNSTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

STAAB, J. — Vincent Johnston appeals from the superior court's dismissal of his RALJ[1] appeal from the district court and its denial of his motions for reconsideration. He argues his notice of appeal and designation of clerk's papers were timely filed, contrary to the superior court's decision. He asks this court to reverse and remand for a decision on the merits. The State concedes. We agree with the parties and reverse the superior court's rulings and remand for a decision on the merits.

BACKGROUND

A jury in Spokane County District Court found Johnston guilty of driving under the influence and failure to remain at the scene of an accident in November 2023. Sentencing was originally scheduled for December 4, but the court continued the matter to January 10, 2024, to allow additional time to review Johnston's prior convictions.

---

[1] Rules for Appeal of Decision of Courts of Limited Jurisdiction.

On December 4, 2023, notwithstanding the continuance and the fact that no judgment and sentence was entered that day, Johnston filed a notice of RALJ appeal to the Spokane County Superior Court seeking review of "the Judgment and Sentence entered on December 4, 2023." Clerk's Papers at 1. That notice was filed in the superior court on December 11, 2023.

On January 10, 2024, the district court sentenced Johnston and entered a judgment and sentence. That day, Johnston filed a second notice of RALJ appeal identifying the January 10 judgment and sentence. Johnston then filed a designation of clerk's papers and exhibits in the district court six days later, on January 16.

For an unknown reason, the district court clerk did not transmit the January 10 notice of appeal, the designation of clerk's papers, or the clerk's papers identified in the designation to the superior court. Only the December 4 notice of appeal was sent to the superior court. The verbatim report of proceedings, however, was filed in the superior court.

Unaware of the transmittal error, the parties completed briefing and appeared for oral argument before the superior court on June 7. Following the hearing, the superior court took the matter under advisement.

The superior court later dismissed the appeal under RALJ 10.2(a)(2). The court found that Johnston was sentenced on December 4 and filed a notice of appeal on

December 11, but that he did not file a designation of clerk's papers within 14 days of the notice of appeal as required by RALJ 6.2(a).

On June 26, Johnston moved for reconsideration, asserting that the clerk's papers were not relevant to the issues raised on appeal but nonetheless attaching a copy of a June 26, 2024 designation. His motion, however, did not identify the January 10 sentencing date. The next day, Johnston filed a declaration stating that the designation was timely filed on January 16 and attached the January 16 designation as exhibit A. The State opposed reconsideration. But neither filing alerted the court that sentencing occurred on January 10. As a result, the superior court denied reconsideration, reasoning that the designation was untimely filed based on the notice of appeal filed on December 11.

Subsequently, the parties filed a joint motion for reconsideration, after the State realized that sentencing occurred on January 10. A copy of that joint motion is not included in the record. But the superior court again denied reconsideration, observing that only the December 4 notice of appeal was before it even though the parties referenced a January 10 sentencing date.

Johnston then filed a motion for discretionary review in this court. A commissioner of this court granted review.

## ANALYSIS

Johnston argues the superior court erred by dismissing his RALJ appeal because he timely filed both a notice of appeal and a designation of clerk's papers. The State

concedes the appeal was improperly dismissed, attributing the error to the district court clerk's failure to transmit the designated record to the superior court. Both parties agree the case should be remanded for a decision on the merits. This court accepts the State's concession to reverse the superior court's dismissal and denial of reconsideration, and to remand for a decision on the merits.

1.   RELEVANT RALJ RULES

A RALJ notice of appeal must be filed within 30 days after entry of the final decision the party seeks to appeal. RALJ 2.5(a). "A [premature] notice of appeal filed after the announcement of the decision but before entry of the final decision will be treated as filed on the day following entry of the decision." RALJ 2.5(d).

Within 14 days of filing the notice of appeal, the appellant must file a designation of clerk's papers with the district court clerk designating the portions of the record the party wants the clerk to transmit to the superior court. RALJ 6.2(a). Once filed, the district court clerk—not the appellant—must, "[w]ithin 14 days after the designation is filed, "prepare the record . . . certify that it is true and complete, transmit it to the superior court, and notify the parties that the record has been transmitted." *See* RALJ 6.2(a).

Under RALJ 10.2(a)(2), the superior court will dismiss an appeal on its own motion "for want of prosecution if the party appealing has abandoned the appeal."

2.   ANALYSIS

Here, Johnston's January 10 notice of appeal was filed on the same day as the judgment and sentence, within the 30-day limit under RALJ 2.5(a). Under RALJ 2.5(d), his earlier December 4 notice of appeal, though premature, is treated as filed on January 11—the day after entry of the judgment—and therefore is also timely.

Johnston filed a designation of clerk's papers on January 16, within 14 days of both the January 10 and 11 notices of appeal, as required by RALJ 6.2(a). Once he filed the designation, the responsibility to assemble and transmit the record shifted to the district court clerk. RALJ 6.2(a). For an unknown reason, the district court clerk failed to transmit the January 10 notice of appeal along with the designation and the designated clerk's papers to the superior court.

The superior court then dismissed the appeal under RALJ 10.2, finding Johnston failed to file a timely designation. That finding was error. Johnston complied with all applicable rules and did not abandon his appeal. Moreover, dismissal for the district court clerk's failure to transmit the record is not authorized under RALJ 10.2.

For the same reason, the superior court erred in denying reconsideration on the ground that Johnston failed to comply with RALJ 6.2(a). The record establishes that he timely filed the designation.

Because Johnston timely filed both of the notices of appeal and the designation of clerk's papers, and because the failure to transmit the record was attributable to the

district court clerk, the superior court's dismissal and denial of reconsideration were erroneous. This court accepts the State's concession, reverses the superior court's rulings, and remands the case for a decision on the merits.

Johnston also argues that the superior court erred in dismissing his appeal because the clerk's papers were not necessary for the appeal since both parties relied on the verbatim report of proceedings in their briefing before the superior court. It is unnecessary to reach this argument, however, as reversal is warranted based on the errors identified above. Nevertheless, as the State points out, Johnston's arguments on appeal regarding a missing element in a jury instruction require the court to review a copy of the jury instruction at issue. Thus, the clerk's papers are necessary for the appeal. All considered, the trial court erred in dismissing Johnston's appeal and in denying reconsideration.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____          _____
Fearing, J.                                                        Murphy, J.

6